J-S10010-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LOYD WAITMAN GROVES | : | |
| | : | |
| Appellant | : | No. 291 MDA 2019 |

Appeal from the Judgment of Sentence Entered January 17, 2019
In the Court of Common Pleas of Clinton County Criminal Division at
No(s):  CP-18-CR-0000173-2015

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

CONCURRING STATEMENT BY KUNSELMAN, J.:

**FILED SEPTEMBER 24, 2020**

I join the majority Memorandum of our learned President Judge.  Still, I wish to express my views on the discrepancy in this Court's state-of-mind–hearsay-exception precedents that the majority and the trial court observed.[1] When conflicts in our cases arise, parties may request the Court *en banc* to hear the appeal to clarify the issue.

Notably, however, even if the trial court abused its discretion by permitting hearsay about a victim's state of mind, we will not "grant relief where the error was harmless." **Commonwealth v. Yockey**, 158 A.3d 1246, 1254 (Pa. Super. 2017).  An abuse of discretion is harmless when, among

---

[1] **See** Majority Memorandum at 37-38.  **See also Commonwealth v. Fitzpatrick**, 204 A.3d 527, 532 (Pa. Super. 2019) (stating, "The admissibility of evidence relating to a victim's state of mind has been a subject of difference in this Court's recent decisions," and collecting inconsistent opinions).

other things, "the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict." *Commonwealth v. Chmiel*, 889 A.2d 501, 521 (Pa. 2005). "An error will be deemed harmless where the appellate court concludes beyond a reasonable doubt that the error could not have contributed to the verdict." *Id.* at 528.

If we granted *en banc* review in this matter, and, if we overruled the precedent upon which the trial court relied to admit the hearsay regarding Mrs. Heckel's fear of Groves and her plan to end their relationship, the admission of this hearsay testimony would be harmless error, because the other proof of Groves' guilt was overwhelming. *En banc* review would be futile. Regardless of how the Court *en banc* would resolve our contradictory precedents, Groves' conviction and sentence would undoubtedly stand.

In a future case, however—one where hearsay regarding a victim's state of mind potentially changed the verdict—the Court *en banc* should grant review and clarify this uncertain area of the Pennsylvania Rules of Evidence.